UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

CHARLES GUY,

Defendant.

---

23-CR-49-RA

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On June 28, 2023, Defendant Charles Guy was sentenced principally to a term of imprisonment of 87 months following his guilty plea to conspiring to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). At sentencing, the Court calculated Mr. Guy's sentencing guidelines range to be 87-to-108 months' imprisonment, based on an offense level of 27 and a criminal history category of III. The Bureau of Prisons currently projects that Mr. Guy will be released from prison on July 30, 2029.

By way of Amendment 821, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual, effective November 1, 2023. As relevant here, Part A of Amendment 821 amends Guidelines § 4A1.1 by reducing from two (2) points to one (1) point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points. The Sentencing Commission explained that the amendment "limit[s] the overall criminal history impact of 'status points' (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status)." U.S.S.G. § 1B1.10 Application Note 7. The Sentencing Commission made the amendment retroactive.

By letter dated April 1, 2024, Mr. Guy moved *pro se* for a sentence reduction pursuant to

Amendment 821. Dkt. No. 46. In a May 1, 2024 Order, the Court noted that the Probation Department had determined that Mr. Guy appeared eligible for an adjustment of his sentencing guidelines range based on Amendment 821 and appointed the Federal Defenders of New York to represent him. See Dkt. No. 47. The Government responded to Mr. Guy's motion on May 31, 2024, see Dkt. No. 48. Mr. Guy replied on June 20, 2024, see Dkt. No. 49, and filed a supplemental letter on October 2, 2024, see Dkt. No. 50. The Probation Department calculates—and neither party disputes—that Amendment 821 reduces Mr. Guy's criminal history category from III to II. See Dkt. Nos. 45, 48, 49. Having now conducted an independent calculation, the Court finds that Mr. Guy's offense level is 27, his criminal history category is II, and his recommended guidelines sentence is 78-to-97 months' imprisonment. Accordingly, under Amendment 821, Mr. Guy is eligible for a sentence reduction. See U.S.S.G. § 4A1.1.

The Government argues that the Court should nevertheless deny Mr. Guy's motion because "[t]he imposed sentence of 87 months' imprisonment appropriately accounted for the nature and circumstances of the offense and the history and characteristics of the defendant." Dkt. No. 48 at 3. In particular, the Government argues that Mr. Guy committed an "extraordinarily serious" offense, which was his third narcotics offense. Id.[1] In response, Mr. Guy notes that the Court originally sentenced him to "the bottom of the then-applicable guidelines" and urges that a "modest" 9-month reduction in his sentence—from 87 months to 78 months—is warranted. See Dkt. 49 at 1. He grounds his argument that a 78-month sentence is appropriate on the non-violent nature of his offense, his acceptance of responsibility and continued remorse, his life and family

---

[1] The Government alternatively argues that the Court deny Mr. Guy's motion because he "waived his right to appeal any sentence below 108 months' imprisonment" in his plea agreement, and that this motion "would have the same practical effect as an appeal." Dkt. No. 48 at 4. The Court rejects this argument. Although Mr. Guy agreed not to file a direct appeal or collateral challenge under 28 U.S.C. § 2255 and 2241, he did not waive his right to seek a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) or U.S.S.G. § 1B1.10. Mr. Guy's plea agreement thus does not prevent him from now seeking a sentence modification.

history, and his post-sentencing conduct. *See id.* at 4–7 (explaining that Mr. Guy "has used his time in prison productively and has diligently engaged with various rehabilitative programs" and that he "has not had a single disciplinary infraction in the time he has been in prison"); *see also* Dkt. No. 50 at 3 (explaining that, while in custody, Mr. Guy "has completed courses on K2 Awareness, Public Speaking, Parenting, and a Drug Education Program").

As relevant here, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582. As the Supreme Court noted in *Dillon v. United States*, 560 U.S. 817 (2010), a court should consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Id.* at 827. Relevant section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(2)(A). Courts may also consider relevant post-sentencing conduct. *See* U.S.S.G. § 1B1.10 Application Note 1(B)(iii); *United States v. Williams*, 2020 WL 5253205, at *4 (S.D.N.Y. Sept. 3, 2020).

During Mr. Guy's original sentencing, this Court considered the seriousness of his offense and, in particular, the "highly addictive" and "dangerous" nature of fentanyl. Sent. Tr. at 25. The Court also weighed "the personal and societal harms of mass incarceration, the challenges and risk factors that have played a role in Mr. Guy's criminal conduct, the fact that he did make some real genuine . . . efforts to move forward in a law-abiding way in his life, including by getting his GED while he was incarcerated," and other mitigating factors. *Id.* at 24–25. Recognizing Mr. Guy's "lengthy criminal history" and the need for specific and general deterrence, *id.* at 24, the Court declined to vary downward and instead imposed a sentence at the bottom of the then-applicable

guidelines range of 87-to-108 months' imprisonment. *Id.* at 26.

Having considered the record in this case, the factors set forth in section 3553(a), and the parties' arguments, the Court finds that a sentence reduction to 78 months' imprisonment—the bottom of the now-applicable guidelines range—is appropriate. The Section 3553(a) analysis has not changed since the Court originally imposed the sentence, and a review of Mr. Guy's post-sentencing conduct, including his efforts at rehabilitation, work as an orderly, and the absence of any disciplinary infractions in prison, confirms that a sentence at the bottom of the applicable guidelines range is warranted. *See* U.S.S.G. § 1B1.10, Application Note 1(B)(iii). Indeed, since Amendment 821 was enacted, courts in this Circuit have often, in their discretion, reduced sentences to the bottom of the newly applicable guidelines range in circumstances where the defendant was previously sentenced at the bottom of the then-applicable guidelines range. *See, e.g.*, *United States v. Ely*, 2024 WL 1719826, at *6 (E.D.N.Y. Apr. 22, 2024) (explaining that a "new sentence is similarly at the bottom-end of the applicable [g]uidelines range as was [defendant's] initial sentence and still reflects the nature and circumstances of his offense as well as the offense's seriousness"); *United States v. Winfield*, 2024 WL 3429503, at *1 (S.D.N.Y. July 16, 2024); *United States v. Davidson*, 2024 WL 3518378, at *1–2 (S.D.N.Y. July 23, 2024); *United States v. Boisture*, 2024 WL 245015, at *3 (D. Conn. Jan. 23, 2024).

Accordingly, Mr. Guy's term of imprisonment is hereby reduced to 78 months. All other aspects of Mr. Guy's sentence shall remain the same.

The Clerk of Court is respectfully directed to send a copy of this order to Mr. Guy.

SO ORDERED.

Dated: New York, New York
October 24, 2024

_____
Hon. Ronnie Abrams
United States District Judge